IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| JAMES BAUGH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 118-122 |
| | ) |
| JOHN and/or JANE DOES, Two Unknown | ) |
| Lab Technicians; DOCTOR YOUNG; | ) |
| MS. POWELL, Medical Director; and, | ) |
| RUTHIE SHELTON, Deputy Warden of | ) |
| Care and Treatment, | ) |
| | ) |
| Defendants. | ) |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, currently incarcerated at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case brought pursuant to 42 U.S.C. § 1983. Plaintiff commenced this case by filing a two-page letter in the Middle District of Georgia describing the acts of persons at ASMP "feeding prisoners to sharks, killing inmates, and selling their bodies to 'the University of Tennessee Body Farm.'" (Doc. no. 4, p. 1 (citing doc. no. 1).) Upon transfer of the case, the Court directed Plaintiff to put his claims on the standard form used by incarcerated litigants in the Southern District of Georgia. (Doc. no. 9, pp. 4-5). Plaintiff's first amended complaint was not submitted on the required form, did not describe acts of all the persons named as Defendants, and was not

signed by Plaintiff. (Doc. no. 11.) Nevertheless, the Court gave Plaintiff another chance to amend his amended complaint, (doc. no. 14), and it is that pleading, filed by the Clerk on October 18, 2018, which is now before the Court.[1] (Doc. no. 15.)

Because he is proceeding IFP, Plaintiff's pleading must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006). The Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney, Erickson v. Pardus, 551 U.S. 89, 94 (2007), but the Court may dismiss the second amended complaint or any portion thereof if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). After a review of Plaintiff's second amended complaint and prior history of case filings, the Court **REPORTS** and **RECOMMENDS** this action be **DISMISSED** without prejudice.

## I.   BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] The Court informed Plaintiff his second amended complaint would supersede and entirely replace his prior pleadings. (Doc. no. 14, p. 4 (citing Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016).)

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Id. at 721-27.

To that end, the "Complaint for Violation of Civil Rights" requires prisoner plaintiffs to disclose: (1) whether they have begun other lawsuits in state or federal court dealing with the same facts involved in the current action, (2) whether they have brought any other state or federal lawsuits relating to the conditions of their confinement, (3) the disposition of any such lawsuits, and (4) whether they have ever had a case dismissed based on the three strikes rule of § 1915(g). (Doc. no. 15, pp. 15-17.) If there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper. (Id. at 16-17.)

## II.   DISCUSSION

Here, Plaintiff stated he had not filed any prior cases related to the facts of his current case or otherwise relating to the conditions of his imprisonment. (Id. at 15-17.) However, the Court is aware of another case Plaintiff filed in the Middle District of Georgia just one week after commencing the instant case which at least touched on the "experiments" and "torture" discussed in this case. Baugh v. Does, Civ. Act. No. 5:18-cv-00263-TES (M.D. Ga. July 19, 2018). In dismissing that case on September 11, 2018, United States District

Judge Tilman E. Self, III, noted it would be a waste of judicial resources to transfer the case about alleged experimentation and torture on ASMP inmates because "it appears Plaintiff Baugh has already filed an action pending in the Southern District of Georgia that raises the same allegations as the above-captioned action." Id., doc. no. 6. Judge Self's Order entered well before Plaintiff submitted the second amended complaint the Clerk filed in this Court on October 18, 2018.

Additionally, the Court is aware Plaintiff failed to disclose another case about his conditions of imprisonment. In 2005, United States District Judge Jack T. Camp dismissed a case Plaintiff filed related to his parole and retaliation, as well as to his dissatisfaction with his transfer to a different prison. Baugh v. Martin, Civ. Act. No. 1:05-cv-0325-JTC (N.D. Ga. Apr. 11, 2005). The portion of the case related to parole and retaliation was dismissed without prejudice, and the remaining claims were dismissed as frivolous pursuant to § 1915A. Id., doc. no. 4.

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731; see also Strickland v. United States, 739 F. App'x 587, 587 (11th

Cir. 2018) (*per curiam*) (affirming dismissal of complaint based on failure to disclose eight habeas petitions filed in district court); Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation); Redmon v. Lake Cty. Sheriff's Office, 414 F. App'x 221, 223, 226 (11th Cir. 2011) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit); Young v. Sec'y Fla. Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form); Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538368 (N.D. Fla. Mar. 21, 2012) (dismissing case alleging deliberate indifference to serious medical needs where plaintiff failed to disclose new case commenced in interim between filing original complaint and second amended complaint), *adopted by*, Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538336 (N.D. Fla. May 2, 2012).

The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia. See, e.g., Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006). As discussed above, Plaintiff's disclosures concerning his prior federal lawsuits was blatantly dishonest. Accordingly, this case should be dismissed without prejudice as a sanction for the dishonesty.

## III. CONCLUSION

Because Plaintiff has abused the judicial process by providing dishonest information about his filing history, the Court **REPORTS** and **RECOMMENDS** this action be **DISMISSED** without prejudice as a sanction.

SO REPORTED and RECOMMENDED this 2nd day of November, 2018, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA